The Honorable Thomas G. Baker State Representative Route 1, Box 80 Alicia, AR 72410
Dear Representative Baker:
This is in response to your request for an opinion on several questions concerning appointments to the board of a county-owned hospital. Your questions are restated and answered below in the order posed.
(1) This is a question about whether several members of the hospital board have been properly appointed and confirmed. Part of this arises from the fact that there is no record in the minutes of the confirmation of the hospital board members by the Quorum Court. Assuming this to be the case, would there be any other way to prove confirmation, that is by proof from other members of the Quorum Court who recall the confirmation, or on the other hand is it absolutely essential that the confirmation be reflected in the minutes?
It appears that the county governing body may, by the general weight of authority, amend the minutes to make corrections wherever an error is noticed. See 20 C.J.S. Counties 90 (1940); Robert's Rules of Order 167 (1973).
According to Robert's Rules, the minutes may be corrected regardless of the time which has elapsed. Id. There appear to be no Arkansas cases directly on point. As to the vote requirement, corrections after adoption may be made by majority vote is previous notice of the proposed amendment has been given; otherwise, a two-thirds vote is required. Id.
There is also support for the proposition that parol (oral) evidence may be admitted for the purpose of clarifying the record of the governing body. 20 C.J.S. Counties 91 (1940). Generally, however, as against collateral attack, the record is prima facie proof of what appears therein, and cannot be contradicted or modified by parol or extrinsic evidence. Id.
Amendment of the minutes would, therefore, appear to be the prudent course of action in this instance.
(2) Another question is what is a proper procedure to follow if the appointments have, in fact, not been confirmed by the Quorum Court? In other words, assuming that an individual has been acting as a board member for four years but was never confirmed, what options are available to the County Judge and Quorum Court?
It must be initially recognized that, as a general rule, the fact that one has acted as an officer and has generally been recognized as such will create the presumption of a valid appointment. 67 C.J.S. Officers 44 (1978). The presumption may, however, be overcome by evidence to the contrary. Id.
If the evidence indicates that no confirmation of the appointment was intended, the Quorum Court may choose to declare a vacancy. This determination is conducted through the process of resolution, as prescribed by law, if the resolution is published prior to the meeting at which the resolution is to be considered. See, generally, A.C.A. 14-14-1309. The officer affected by such a declaration of vacancy may appeal the declaration to circuit court within thirty days of the date of publication as required for county resolutions. Id.
(3) What are the maximum limits on the number of terms that an individual can serve on the hospital board? A question has arisen as to this precise issue.
The Code sections pertaining to boards of governors for county hospitals do not appear to set a limit on the number of terms that an individual can serve on a hospital board. See A.C.A.14-263-101 et seq.
(4) If an individual member of the hospital board is reappointed, is it necessary for that individual to be reconfirmed? This course involves a situation of an individual holding over in an office until his successor is legally appointed. Can the County Judge simply elect to allow that individual to hold over for as long as the County Judge chooses or until someone files a mandamus action to compel appointment or reappointment?
The answer to the first part of this question is, generally "yes."
Section 14-263-104(b)(1) states:
 "The regular term of office of each member so appointed by the county judge and approved by the quorum court shall begin as of July 1 next following the expiration of the term of his predecessor. . . ." Subsection (b)(5) should also be noted wherein it states: "The duty to . . . fill vacancies in case of death, resignation, expiration of terms, or for any other reason shall be that of the county judge with approval of the quorum court."
With regard to the second part of this question, a county judge clearly has the duty "to fill vacancies in case of . . . expiration of terms. . . ." A.C.A. 14-263-104(b)(5). Unless challenged, however, a county judge's refusal to perform this duty will, as a practical matter, result in the board member holding office until his successor is chosen. A.C.A. 14-263-104(b)(3). (5) Questions have been raised as to whether or not a majority of the board has been legally appointed. If they have not been legally appointed, are the contracts which have been entered into by the county board legal because of defacto status of the board members?
A "defacto" officer is one who by some color of right is in possession of office and for the time being performs his duties with public acquiescence, though having no right in fact. Appleby v. Belden Corp., 22 Ark. App. 243, 247, 738 S.W.2d 807 (1987). The acts of an officer "defacto" are as valid and effectual, while he is permitted to retain office, as though he were an officer by right. Id. The acts of a defacto officer cannot be questioned collaterally. Id.
If the board members in question were not properly appointed, but nevertheless hold office under a colorable appointment, their acts will not be subject to attack in a collateral proceeding, that is, a proceeding to which they are not parties or which was not instituted specifically to determine the validity of their titles. See, generally, Pierce v. Edington, 38 Ark. 150 (1981); Appleby v. Belden Corp., supra.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.